UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Bryan No-El, aka Bryan Keith Noel, | Case No. 4:17-cv-0643 |
| Petitioner | |
| v. | MEMORANDUM OPINION AND ORDER |
| Warden, FCI Elkton, | |
| Respondent | |

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Bryan No-El, aka Bryan Keith Noel filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. No-El was convicted by a jury on March 4, 2010, in the United States District Court for the Western District of North Carolina on charges of conspiracy to commit mail fraud, mail fraud, aiding and abetting in mail fraud, conspiracy to commit money laundering, bank fraud, making false statements to a bank, money laundering, aiding and abetting in money laundering, and making a false oath in a bankruptcy proceeding.

He and his co-conspirator Alexander Klosek engaged in a fraudulent investment scheme, in which they defrauded mostly elderly investors of approximately seven million dollars. This scheme involved mailing investors false quarterly statements that did not notify the investors of the diminished value of their accounts, and failing to disclose to them that their assets were being diverted to unauthorized investments. He was sentenced to 300 months imprisonment on February 24, 2011.

Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed his conviction and sentence on December 28, 2012. He filed a

Petition for Writ of Certiorari, which the Supreme Court of the United States denied on October 7, 2013.

Petitioner filed a Motion to Vacate his Conviction or Sentence under 28 U.S.C. § 2255 three years later on December 21, 2016. The United States District Court for the Western District of North Carolina ordered Petitioner to explain why his Petition should not be dismissed as untimely filed. First, he argued that under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), he should be exempt from the one-year statute of limitation because he is actually innocent. He pointed to several exhibits he claims the jury was not shown which would have exonerated him. The District Court found his argument to be without merit.

Second, he argued that the Supreme Court's recent decision in *Luis v. United States*, 135 S. Ct. 2978 (2016), shows the government violated his Sixth Amendment right to counsel of his choice by freezing his assets. The District Court determined *Luis* did not apply retroactively to collateral review.

Third, he argued that the government filed a *lis pendens* on certain "untainted" property before trial, thereby preventing him from having access to those funds to hire a lawyer of his choosing. The District Court also found this argument to be without merit.

Next, he argued his co-conspirator perjured himself. The Court pointed out that Petitioner's attorney strongly attacked Klosek's testimony and argued he, not Petitioner, was the perpetrator of the fraud. The jury nevertheless convicted Petitioner.

Finally, he contended he was entitled to equitable tolling because he could not choose his own attorney. The District Court also found this argument to be without merit. Having found all of his arguments to be meritless, the Court denied his § 2255 Motion to Vacate as time-barred on February 8, 2017.

Petitioner then filed this Petition for Writ of Habeas Corpus in this Court under 28 U.S.C. § 2241, asserting some of the same grounds for relief he asserted in his Motion to Vacate under §

2255. Specifically, he asserts: (1) the government placed *lis pendens* against Petitioner's untainted assets wholly depriving him of his choice of counsel in violation of the Sixth Amendment, now clarified in *Luis v. United States,* 136 S. Ct. 1083; (2) the government violated his rights by installing software on his hard drive, depriving him of certain defenses and violating *Brady v, Maryland*, 373 U.S. 83, 86 (1963); (3) the prosecutor had a continuing duty to correct perjury and to turn over exculpatory evidence; (4) Klosek's use of psychotropic medications denied him his right to confrontation while permitting Klosek to provide false information to the grand jury and the petit jury; and (5) he was denied a fair trial when the government introduced summary witnesses who used charts and provided opinions about his guilt.

He asks me to vacate his conviction and sentence and order the District Court for the Western District of North Carolina to dismiss the indictment against him with prejudice. For the reasons set forth below, the Petition is denied and this action is dismissed.

### STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

This Court may dismiss the Petition at any time, however, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

(holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

Moreover, Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot assert claims in a § 2241 petition to challenge his conviction if he has been unsuccessful in obtaining relief on direct appeal or in a § 2255 motion to vacate.

Section 2255 contains a "safety valve" provision which permits a federal prisoner under very limited conditions to challenge his conviction or the imposition of his sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that a § 2255 remedy does not become inadequate or ineffective just because § 2255 relief has already been denied, because the Petitioner is procedurally barred from pursuing relief under § 2255, or because the Petitioner has been denied permission to file a second or successive Motion to Vacate. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam).

In fact, to fit within any arguable construction of the safety valve provision, a Petitioner must show an intervening change in the law that establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his conviction or sentence is valid. For

purposes of the safety valve, actual innocence requires a change in the law that occurred after the time to raise the argument on direct appeal or in a § 2255 Motion expired, which was made retroactive to cases on collateral review, *and* which redefines the elements or requirements of his crime or sentencing enhancement in a way that no longer reaches the conduct of which he was convicted. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).; *Peterman*, 249 F.3d at 462. *See, e.g., Bailey v. United States*, 516 U.S. 137 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

Petitioner clearly challenges his conviction. He cannot obtain relief under § 2241, unless he can demonstrate he fits within the narrow safety valve provision of § 2255. Petitioner already filed a § 2255 Motion to Vacate, and raised many of the same arguments that he asserts in this Petition. The Western District of North Carolina considered these arguments and denied them on the merits to find his § 2255 Motion to be barred by the one-year statute of limitations.

Petitioner's actual innocence argument is that he was wrongfully convicted. While he does present arguments pertaining to an intervening change in the law, that intervening change does not redefine the elements of an offense of which he was convicted. Instead, it would have made it more difficult for the government to seize assets prior to trial, thereby leaving him more money to hire a lawyer of his choice. This is not the type of intervening change in the law that triggers the safety valve provision. In addition, his arguments were addressed by the Western District of North Carolina in his § 2255 Motion to Vacate and found this to be without merit. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166. The fact that his § 2255 Motion was found to be procedurally barred by the statute of limitations does not make his remedy under § 2255 inadequate or ineffective.

## CONCLUSION

Accordingly, this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  In turn, Petitioner's remaining pending motions, which are dependent upon or present the same arguments as the § 2241 petition, are also denied, as moot.  (Doc. Nos. 4, 6, 9, 10, 13, 15, 16).  Finally, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge